IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| KENNETH H. WHITE, III<br>*Plaintiff* | § § § | |
| v. | § § § | CIVIL ACTION NO. _____ |
| ABE'S BOAT RENTAL, INC.<br><br>*Defendant* | § § § § § § § | IN PERSONEM –JURY TRIAL<br>REQUESTED per RULE 38<br>Filed pursuant to 28 U.S.C. § 1916<br>Permitting filing without prepayment<br>of filing fees or costs by seamen |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW KENNETH H. WHITE, III, Plaintiff herein, and files this cause of action against Defendant ABE'S BOAT RENTAL, INC., and for cause of action will show the Court as follows:

**I.
PARTIES**

Plaintiff is KENNETH H. WHITE, III, a citizen of the United States and a resident of the State of Louisiana and all times material hereto, a Jones Act seaman employed by:

Defendant ABE'S BOAT RENTAL, INC. ("Abe's or Defendant"), is a Louisiana corporation headquartered in Belle Chasse, Louisiana, its address is 9299 Highway 23, P.O. Box 549, Belle Chasse, Louisiana 70037. The Defendant is now and all times material herein, the owner, operator and/or charterer of its offshore supply vessel SIMON JR, a vessel in navigation and Plaintiff's Jones Act employer.

The MV SIMON JR regularly comes into and out of the Ports of Louisiana, in the United States of America and the Eastern District of Louisiana.

## II.
## JURISDICTION & VENUE

This Court has original jurisdiction under 46 U.S.C. § 30104 (a) and (b) and the General Maritime Laws of the United States.

Venue is proper in the Eastern District of Louisiana per 46 U. S. C. § 30104.

## III.
## CAUSES OF ACTION

A.   <u>Negligence</u>:

On or about January 8, 2010, Plaintiff Kenneth White was working aboard the M/V SIMON JR as an engineer/deckhand/seaman and member of the crew of said vessel earning $175.00 per day. While in the course and scope of his duties and as seaman assisting in the navigation of the vessel, he sustained severe, serious, permanent and disabling injuries to his upper body, left leg, neck, mid and lower back, both shoulders and other parts of his body generally.

Such injuries were proximately caused by the negligence of the Defendant, its officers and crew (other than Plaintiff White), acting at all times material in the course and scope of Defendant's employment. Such negligence includes, but is not limited to negligently ordering and, requiring Plaintiff to work in dangerous, heavy, rough, high seas, without a sufficient number of competent crew members. The crew consisted of two Captains and the Plaintiff only. Defendant knew or should have known it was unsafe for any work to be done, under the circumstances, let alone to be done alone. Plaintiff worked continually, more than one 12 hour shift prior to the time of his said injuries. Plaintiff was transferring water to a platform which it is believed Defendant or an affiliate company had an interest. The defendant negligently ordered Plaintiff on deck to facilitate the transfer of water to the structure, knowing that the vessel was

very unsteady and rolling and pitching heavily, with the heavy wave action. The operation of transferring water is not of an emergency nature and could have waited for seas to calm. The Defendant knew or should have known that such operation, by a sole seaman, during heavy seas would, more likely than not, create a dangerous working condition, which it did here.

This suit is being filed for Plaintiff's above described injuries to his upper body, left leg, neck, mid and lower back, both shoulders and other parts of his body generally, when he was foreseeably slammed by waves hard against the rail and was nearly washed overboard, and would have been, but for his being able to grab the rail.

B.  Seaworthiness:

Defendant owed Plaintiff a nondelegable duty to provide a seaworthy vessel, including, its crew or lack thereof. Defendant failed to exercise reasonable care with respect to the safety of Plaintiff relative to the worsening weather conditions, wind (20-30 knots and steady, with gusts 2-3 knots higher), creating high seas. National Oceanic and Atmospheric Agency 3 (NOA) predicted wave heights were 8'-10', but with predicted arrival of Northerner, they increased to a foreseeable 10'-12', steady seas at the time of the occurrence at about 4:00 a.m., on January 8, 2010. Further Defendant failed to provide a seaworthy vessel, that was reasonably fit to navigate in rough weather, without endangering the crew or vessel.

C.  Maintenance and Cure:

Defendant vessel owner, under the General Maritime Laws of the U.S., owes duties to a seaman, such as Mr. White, once ill or injured in the service of said vessel, maintenance and cure. Defendant vessel owner has willfully, arbitrarily and persistently failed and refused to do so or pay Plaintiff anything. Such failure had left Plaintiff destitute and surely in need of immediate and continuous medical care. This delay has made Plaintiff's injury worse as well as

causing him mental anguish. Said failure, up until the filing of this Complaint, to pay him any maintenance and cure under the General Maritime Common Law entitles Plaintiff, in addition to compensation for his above actual damages, to punitive damages for failing to pay maintenance and cure, as well as reasonable attorneys fees for the prosecution thereof.

Plaintiff has timely and repeatedly, since early February 2010, advised Defendant of the above conditions and the nature and extent of Plaintiff's injuries.

## IV.
## ACTUAL DAMAGES

As a proximate result of Defendant's negligence of and causally related to the unseaworthiness of the vessel, Plaintiff suffered serious, permanent and disabling injuries to his upper body, neck and mid and lower back, left leg, both shoulders and other parts of his body generally, and including headaches, and body severally, which have resulted in:

a. Pain and suffering and mental anguish in the past, in the present and in the future; and

b. His lost past earnings and diminishment and loss of future earning capacity; and

c. Physical impairment in the past and in the future; and

d. Disfigurement in the past and in the future; and

e. Reasonable and necessary medical expenses and/or treatment, prescriptions and hospitalizations.

## V. PUNITIVE DAMAGES

He sues Defendant for their gross negligence and neglect and arbitrary and willful failure and refusal to pay him maintenance and cure or defray his expenses for cure from January 8,

4

2010 to date and until such time as he reaches maximum medical cure (recovery). *Atlantic Sounding Co., Inc. v. Townsend* 129 S. Ct. 2561 (2009).

Defendant has been put on notice, continually, for more than four months to the occurrence that makes the basis of this suit. Defendant has repeatedly been furnished medical reports and bills, but has refused to pay same. For four months, Plaintiff has had to survive without any payment at all of his reasonable and necessary maintenance.

## VI.
## PRAYER

WHEREFORE, Plaintiff prays for:

1. Summons for service be issued upon Defendant ABE'S BOAT RENTAL, INC.; and/or

2. A trial by jury; and/or

3. For judgment against Defendant, in the sum of ONE MILLION DOLLARS ($1,000,000.00) for his actual damages per 46 U.S.C. § 30104; and

4. His maintenance and cure; and

5. Damages for failure to pay maintenance and cure, including usual, reasonable, necessary and customary attorneys fees and costs in collecting his maintenance and cure; and

6. Punitive damages in an amount to be determined for Defendant's above failure to pay maintenance and cure, reasonably related to his ; and

   All above are adopted herein per F.R.Civ.P. 10(c).

7. All costs of Court and pre- and post-judgment interest at the maximum legal rate beginning for a period after the date of injury until paid; and for any and all other relief to which Plaintiff may show himself to be justly entitled; and

8. For punitive damages in a sum reasonable related to his above actual damages.

5

Respectfully submitted,

/s/
**Jack W. Harang (Attorney-In-Charge)**
Fed. ID:
LBN: 15083
228 St. Charles Avenue, Suite 501
New Orleans, Louisiana 70130
Pro Haec applications in this case being filed by
**James A. Stegall III**
Fed. ID: 789725
TBN: 24037544
**Kelly W. Kelly**
Fed. ID: 789917
TBN: 24041230
1911 Southwest Freeway
Houston, Texas 77098
Telephone: (713) 630-0708
Facsimile: (713) 630-0789
**Of Law Offices of Newton B. Schwartz, Sr.**

ATTORNEYS FOR PLAINTIFF